## THE STATE *vs.* JOHN BEARD.

1. An indictment for perjury is fatally defective if it does not appear, either by direct averment, or by necessary implication, upon the face of the indictment, that the statement upon which the perjury is assigned was material to the matter before the court.

2. It is a matter of discretion whether the court will quash an indictment; but where it is manifest that no judgment can be rendered upon the indictment, it will be quashed.

Motion to quash an indictment found in the Hudson Oyer and Terminer, and removed into this court by *certiorari*.

*Zabriskie*, for defendant, in support of motion.

The materiality of the statement upon which perjury is assigned is neither averred, nor does it appear from anything on the face of the indictment. The indictment must show not only that the statement *may* have been material, but that it *must* have been material. It must show that a crime has been committed, and contain all the facts necessary to constitute the crime. *Arch. Cr. Pl.* 429 ; 2 *Russell on Cr.* 639, 642 ; 3 *Arch Cr. Pl.*( *Waterman's ed.*) 598 ; 5 *Term R.* 318 ; 2 *Chit. Cr. L.* 309.

*Littell*, with whom was *Scudder*, for the state cited 1 *Devereux* 519 ; 2 *Chit. Cr. L.* 386, 391 ; *Wharton's Prec.* 312 ; 8 *Wend.* 637.

The cause was argued at February term, 1856, before the CHIEF JUSTICE, and OGDEN, ELMER, and HAINES, Justices.

The CHIEF JUSTICE delivered the opinion of the court.

The indictment is fatally defective, because it does not appear, either by direct averment or by anything stated in the indictment, that the statement upon which the perjury is assigned was material to the matter before the court.

For all that appears upon the face of the indictment, the statement alleged to have been false may have been totally immaterial to the matter in controversy. *Arch. Cr. Pl.* 429 ; 2 *Russell on Cr.* 639. Neither of the precedents referred to on the argument support this indictment.

It is in all cases a matter of discretion whether the court will quash an indictment ; but where it is manifest that no judgment can be rendered upon the indictment, the motion to quash will be allowed. *State* v. *Dayton,* 3 *Zab.* 53.

Let the indictment be quashed.