## THE STATE v. CHARLES H. VOORHIS.

1. An objection to an indictment for perjury, that the issue on trial in which the false swearing is averred is too uncertain, is not sustained, if such issue appear to be one within the jurisdiction of the court in which the false testimony is charged to have been given.

2. The indictment must show that the testimony charged as false was material to the issue. This may appear by an obvious relation of testimony to the issue, or its materiality may be directly averred in the pleading.

3. When the fal e testimony is the statement of a general, and not a particular, fact, it should be stated in what particular the evidence is false. A general negation of the truth of such fact is insufficient, unless the issue is upon such general fact.

4. Under an indictment which assigns perjury with legal sufficiency, the court trying such indictment may, as justice seems to require it, order a further bill of particulars to be furnished by the state to the defendant, and limit the evidence to such particulars.

On motion to quash indictment. The indictment was as follows:

The grand inquest of the State of New Jersey, in and for the body of the county of Bergen, upon their respective oaths present, that heretofore, to wit, at the Circuit Court holden at the township of New Barbadoes, within and for the said county of Bergen, on the eighth day of December, in the year of our Lord one thousand eight hundred and eighty-seven, before Jonathan Dixon, esquire, then being a justice of the Supreme Court of Judicature of the State of New Jersey, and holding then and there the Circuit Court in and for the county aforesaid, a certain issue duly joined in the said court between The First National Bank of Hackensack and one Richard P. Terhune, in a certain plea of contract, came on to be tried in due form of law, and was then and there tried by a certain jury of the country, duly summoned, empaneled and sworn between the parties aforesaid; and that upon the said trial, Charles H. Voorhis, late of the township aforesaid, in the county aforesaid, appeared as a witness on behalf of the said The First National Bank of Hackensack, the plaintiff, and was duly sworn and took his corporal oath upon the Holy Gospel of God, administered by Samuel Taylor, then the duly qualified clerk of the Circuit Court aforesaid, before the said, Jonathan Dixon, esquire, justice as aforesaid, to speak the truth, the whole truth, and nothing but the truth, touching the matters in issue on the said trial, he, the said Samuel Taylor, clerk as, aforesaid, having sufficient and competent power and authority to administer the said oath to the said Charles H. Voorhis in that behalf before the said Jonathan Dixon, esquire, justice as aforesaid; and that at and upon said trial certain questions became and were material in substance as follows, that is to say, whether the said The First National Bank of

Hackensack theretofore had taken, received, obtained or withheld from the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said The First National Bank of Hackensack by the said Richard P. Terhune, above the value of six dollars for the forbearance of one hundred dollars for a year, or at that rate, and that the said Charles H. Voorhis, being so sworn as aforesaid, and being then and there lawfully required to depose the truth in the proceeding and suit aforesaid, at and upon the said trial of the proceeding and suit aforesaid, at the court aforesaid, then and there willfully, corruptly, falsely and knowingly did say, depose and swear, among other things, in substance and to the effect following, that is to say, "this bank never charged more than six per cent.," meaning thereby that the said The First National Bank of Hackensack had not theretofore had, taken, received, obtained or withheld from the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said The First National Bank of Hackensack by the said Richard P. Terhune, above the value of six dollars for the forbearance of one hundred dollars for a year, or at that rate; whereas, in truth and in fact, the said The First National Bank of Hackensack had theretofore taken, received, obtained and withheld from the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said The First National Bank of Hackensack by the said Richard P. Terhune, above the value of six dollars for the forbearance of one hundred dollars for a year, or at that rate, as the said Charles H. Voorhis then and there well knew.

And so the jurors aforesaid, upon their oath aforesaid, do say, that the said Charles H. Voorhis, in manner and form aforesaid, did commit willful and corrupt perjury against the form of the statute in such case made and provided, against the peace of this state, the government and dignity of the same.

And the jurors aforesaid, upon their oath aforesaid, do further present, that heretofore, to wit, at the Circuit Court

holden at the township of New Barbadoes, within and for the said county of Bergen, and within the jurisdiction of this court, on the eighth day of December, in the year of our Lord one thousand eight hundred and eighty-seven, before Jonathan Dixon, esquire, then being a justice of the Supreme Court of Judicature of the State of New Jersey, and holding then and there the Circuit Court in and for the county aforesaid, a certain issue duly joined in the said court between The First National Bank of Hackensack and one Richard P. Terhune, in a certain plea of contract, came on to be tried in due form of law, and was then and there tried by a certain jury of the country, duly summoned, empaneled and sworn between the parties aforesaid; and that upon the said trial, Charles H. Voorhis, late of the township aforesaid, in the county aforesaid, appeared as a witness on behalf of the said The First National Bank of Hackensack, the plaintiff, and was duly sworn and took his corporal oath upon the Holy Gospel of God, before the said Jonathan Dixon, esquire, justice as aforesaid, to speak the truth, the whole truth, and nothing but the truth, touching the matters in issue on the said trial, he, the said Jonathan Dixon, esquire, justice as aforesaid, having sufficient and competent power and authority to administer the said oath to the said Charles H. Voorhis in that behalf; and that at and upon said trial certain questions became and were material in substance as follows, that is to say, whether the said The First National Bank of Hackensack theretofore had taken, received, obtained, withheld from or charged to the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said The First National Bank of Hackensack by the said Richard P. Terhune, above the value of six dollars for the forbearance of one hundred dollars for a year, or at that rate, and that the said Charles H. Voorhis, being so sworn as aforesaid, and being then and there lawfully required to depose the truth in the proceeding and suit at law aforesaid, at and upon the said trial of the proceeding and suit at law aforesaid, at the court aforesaid, then and there willfully, corruptly, falsely and

knowingly did say, depose and swear, among other things, in substance and to the effect following, that is to say, " this bank never charged more than six per cent.," meaning thereby that the said The First National Bank of Hackensack had not theretofore had, taken, received obtained, withheld from or charged to the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said The First National Bank of Hackensack by the said Richard P. Terhune, above the value of six dollars for the forbearance of one hundred dollars for a year, or at that rate; whereas, in truth and in fact, the said The First National Bank of Hack-ensack had theretofore taken, received, obtained, withheld from and charged to the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said The First National Bank of Hackensack by the said Richard P. Terhune, above the value of six dollars for the forbearance of one hundred dollars for a year, or at that rate, as the said Charles H. Voorhis then and there well knew.

And so the jurors aforesaid, upon their oath aforesaid, do say, that the said Charles H. Voorhis, in manner and form aforesaid, did commit willful and corrupt perjury against the form of the statute in such case made and provided, against the peace of this state, the government and dignity of the same.

Argued at November Term, 1889, before Justices KNAPP and DIXON.

For the motion, *Joseph D. Bedle.*

*Contra, A. D. Campbell, Prosecutor of the Pleas.*

The opinion of the court was delivered by

KNAPP, J. The foregoing indictment was removed into this court by *certiorari.* The defendant now moves to quash it because of its alleged failure to set forth an indictable offence with the requisite legal certainty. The alleged defects are, first, that the issue on trial, touching which the false swearing is averred, is of this uncertain character.

The averment in the indictment is, that at and upon the said trial certain questions became and were material in substance as follows, that is to say, "Whether the said First National Bank of Hackensack theretofore had taken, received, obtained or withheld from the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said First National Bank of Hackensack by the said Richard P. Terhune, above the value of six dollars for the forbearance of one hundred dollars for a year, or at that rate."

The grand jury, by their presentment, thus make known to us what the issue was in which the false swearing is charged to have occurred. If that be a possible issue before the court taking cognizance of the suit in which perjury is charged, we must, upon the strength of that averment, accept it as being an issue on trial. Such an issue is certainly one that may have been presented for decision in the court where trial was had.

The statement which is charged to be false must be material to the subject matter alleged to be under adjudication, in order that the false testimony shall amount to perjury. 1 *Hawk. P. C.*, c. 69, § *VIII.*

But the testimony will be deemed material whenever it tends directly or circumstantially to prove the matters in issue.

The materiality of the statement alleged to be false may either appear on the face of the indictment by an examination of the alleged false testimony in its relations to the issue on trial, or its materiality may be averred in the indictment, and such averment of materiality is sufficient. *Rex* v. *Dowlin*, 5 *T. R.* 311.

In this indictment the testimony alleged to be false not only appears to be relevant and material to the issue, but its materiality is averred.

The next defect specified as exhibiting want of legal certainty in the indictment is, that the assignment of perjury is too general.

The indictment charges that the matter sworn to was as follows, viz.: "This bank never charged more than six per-

·cent." We have, in this oath, the averment of a general, and not of a particular fact, and, in such case, the proper negation ·of its truth must depend much upon the nature of the issue. When the testimony consists of a general and not a particular statement of fact, and the issue on trial is not itself of the same general form, a general assignment of perjury would be bad for uncertainty. It should, in such case, be shown in what respect the statement is false, and with such degree of particularity that, upon the face of the indictment, it will appear whether or not the falsity is in a matter material to the issue.

If the pleading shows the falsity to be in such material matter, perjury is well assigned.

In this case, on the issue set forth, a general averment that the bank had theretofore charged more than six per cent., would have been clearly bad for its uncertainty. *Reg.* v. *Parker, Car. & M.* 639; *Arch. Cr. Pr. & Pl., m., p.* 600.

The assignment here is not in such general form, but avers that the said First National Bank had theretofore taken, received, obtained and withheld from the said Richard P. Terhune, for divers sums of money theretofore had and received of and from the said First National Bank by the said Richard P. Terhune, above the value of $6 for the forbearance of $100 for a year, or at that rate.

It is urged that the grand jury should, in their presentment, have specified the particular instances in which an illegal rate of interest was taken or withheld from the person named. But we think this is not legally requisite to the validity of the indictment. A rule requiring that degree of particularity would tend to defeat rather than promote the administration ·of justice.

We do not see how the defendant may suffer real embarrassment in the trial of this indictment. If it be made to appear to the trial court in the particular case, that, to a proper ·defence, greater particularity is necessary or proper, resort :may be had to the recognized practice of a demand for a bill ·of particulars, the proper office of which is to relieve against

the difficulties which the defendant seems to apprehend.   And while it is true that a bill of particulars is not. demandable of right in criminal cases, yet the court will, upon the defendant's application, showing it to be necessary to his defence,. require the prosecution to furnish him with a statement of the particular facts intended to be put in proof and relied on.. *Whart. Cr. Pl. & Pr.*, § 702, and cases cited.

The motion to quash is denied.