### FEWELL v. DEANE.

1. PURCHASE BY SAMPLE—RESCISSION—CASE CRITICISED.—Parties who purchase oats by sample and pay for them, and without objecting that the goods are not up to sample, dispose of them for cash and on credit, and fail to pay over to the seller the amount received in cash, or to release purchasers of that sold on credit, cannot recover from their vendors the amount paid by them, and the profits, on the ground that the oats were worthless. Kauffman Milling Co. *v.* Stuckey, 37 S. C., 7, and 40 S. C., 110, followed.

Before GARY, J., York, November, 1893.

Action by R. T. Fewell & Co. against F. H. Deane & Co.,
commenced March 28, 1892.    The Circuit judgment was as fol-
lows:

This is an action for damages instituted in the Court of Com-
mon Pleas for York County by the plaintiffs, merchants doing
business in the city of Rock Hill, S. C., against the defendants,
doing business as merchants in the city of Richmond, State of
Virginia.    The complaint alleges that on the    day of January,
1892, the defendants sold and delivered to the plaintiffs for
seeding purposes a certain quantity of oats, aggregating 337
bushels, and that plaintiffs paid therefor the sum of $168.88,
being the full value of sound merchantable oats for seeding
purposes; that the said oats were unsound, damaged, and
worthless for seeding and planting purposes, and that the same
were of no value to the plaintiffs; that the plaintiffs bought
said oats for the purpose of sale to planters for seeding pur-
poses, and that they as merchants would have realized a rea-
sonable profit of $60.71 on the sale of said oats if they had been
sound and saleable, and that the plaintiffs have been damaged
in the sum of $168.88, the amount paid for said oats and inter-
est thereon, and in the sum of $60.71, profits on the same.

The defendants in their answer to the complaint deny the al-
legations of said complaint except those thereinafter admitted.
And by way of further answer allege that the defendants were
a firm doing business in the city of Richmond, Va., as merchants;
that on the 26th day of December, 1891, they sent one W. A.
Fewell, a commission merchant of Rock Hill, S. C., a sample
of the oats they had in stock, and soon thereafter received an
order from W. A. Fewell for 350 bushels "R. P. oats same as
sample sent," at 56½ cents per bushel, to be shipped to the
plaintiffs; that in pursuance of the said order they, on 31st
December, 1891, shipped the plaintiffs the quantity and quality
of oats mentioned in the order, and that the said oats so shipped
were identical with the sample from which same was made; that
the defendants fulfilled their contract with plaintiffs fully and
entirely in every respect in good faith; that the said oats were
sold by sample without any representation as to their condition;
that the plaintiffs received them, paid for them, and made no

objection to their quality until some months afterward; that the plaintiffs had an opportunity to examine said oats before paying therefor, and they have never returned or offered to return the said oats to the defendants; that the defendants did not know for what purpose the plaintiffs purchased said oats, and they never assumed any responsibility as to their quality, but if the same were unsound and damaged, they became so after shipment and whilst in the possession of plaintiffs or their customers, and pray that the complaint be dismissed with costs.

The cause being at issue was referred by consent order to W. B. McCaw, as special referee, "to hear all the testimony and report upon all issues of facts, with leave to report any special matter." In pursuance of said order, said referee has taken the testimony and filed his report, to which there is no exceptions, finding as matter of fact, among other things, that the oats in question were sold by the defendants to the plaintiffs as "rust proof oats;" that the plaintiffs intended to buy the oats for seeding purposes; that they sold the oats for such purposes and that they were so used by plaintiffs' customers, and that said oats were unsound, &c. The referee further finds that the defendants had notice and understood from the terms of the order itself that seed oats were desired by plaintiffs. These and the other findings of fact by the referee are fully sustained by the testimony. The referee further finds that the plaintiffs paid $191.67 for the oats, and have sold the same, some for cash and some on a credit. On the cash sale the plaintiffs have received and have still in hand, unrefunded, the sum of $124.49. The plaintiffs sold to their customers on credit 160⅔ bushels of said oats at 75 cents per bushel, amounting to the sum of $120.28. These time customers have not paid the amount of their purchases. The plaintiffs have never entered any suits against any of the parties to enforce payment of the amounts due by them for the oats purchased on time.

From the view the court takes of this case, it is not necessary to discuss many of the legal questions so ably argued by the learned counsel engaged in the cause, or to draw the nice and delicate distinctions that arise in applying the principles of *caveat emptor* or *caveat venditor*. The recent cases of *Kauffman*

*Milling Co.* v. *Stuckey,* 37 S. C., 8, and 40 S. C., 110, seem to be directly in point. It was sought in that case to recover the purchase money of a quantity of flour sold by the plaintiffs to the defendant. The defendant resisted payment for the flour on the ground that it was not good, sound, marketable or merchantable, and not up to the warrant or sample. The Supreme Court held that the defendant would have no right to take even a worthless article of the plaintiffs, and then sell it, and defend himself by saying it was worthless, *but must account* for proceeds of sale, &c.

Applying this principle to the present case, wherein have the plaintiffs sustained any damage? They paid for said oats the sum of $191.67, and have sold them for $124.49 in cash, and have outstanding accounts against their time customers amounting to $120.28, aggregating $244.77. In other words, the plaintiffs have already sold said oats at a profit of $53.10. I fail to see wherein they have sustained any damage. It is true, they may in the future be sued by their customers, and sustain some damage, but until they have either refunded the amount realized on the sale of the oats, or suffered some loss by reason of the sale to their customers, their suit for damages is premature, as was decided in Stuckey's case, 40 S. C., 110: "He would have no right to take even a worthless article of the plaintiff and sell it, and then defend himself by saying it was worthless, but he must account for the proceeds of sale," &c. Testing this case by the principle announced in the Stuckey cases, the plaintiffs have totally failed to show that they have sustained any damage, but, on the contrary, have realized a profit of $53.10.

It is, therefore, ordered, that the complaint be dismissed.

Plaintiffs appealed on the following grounds: 1. Because of error in holding that plaintiffs were not entitled to recover the price paid for a worthless article, supposed to be sound at time of purchase. 2. Because of error in holding that plaintiffs had suffered no damages, because they had, in ignorance of its condition, sold the worthless commodity, possessing a latent defect, for more than the price paid. 3. Because of error in holding that the rule *caveat venditor* had no application to the sale and

purchase of said commodity.  4. Because of error in not sustaining plaintiffs' cause of action, and in not holding that true measure of damages was the difference between the worthless article and the value that it would have possessed in South Carolina had it been sound and as represented.  5. Because of error in holding that the sale of part of the worthless goods for $120.28 on time to parties who refused to pay for same, was not a matter of damage.  6. Because of error in holding that the sum of $124.49 realized in cash for a part of the worthless commodity sold, which plaintiffs admitted their liability to refund to the purchasers, was not a matter of damage.  7. Because of error in adding plaintiffs' legitimate profits for handling, storing, and selling said commodity to the items of their cash and credit sales, to make up the amount of supposed reimbursement.  8. Because of error in holding that plaintiffs' action was premature, and that the cause of action, if any, could not accrue to plaintiffs until the legal rights and responsibilities existing between plaintiffs and their vendees had been adjusted and settled.

*Messrs. Hart & Cherry*, for appellants.

*Messrs. Finley & Brice*, contra.

March 4, 1895.  The opinion of the court was delivered by

MR. JUSTICE POPE.  This action came on for trial before the Hon. Ernest Gary, as presiding judge, at the November term, 1893, of the Court of Common Pleas for York County. The hearing was had upon the report of W. B. McCaw, Esq., as special referee, and the testimony taken by him.  On the 28th December, 1893, the Circuit Judge filed his decree dismissing the complaint.  This decree must be reported in full. The plaintiffs appeal from said decree on eight grounds.  These exceptions will be set out in the report of the case.

It occurs to us that the plaintiffs maintain a most extraordinary position, namely: that they have the right to buy goods by sample, and without a denial that the goods so sold and delivered correspond with the sample, sell said goods at a profit, and then, without paying back to their customers the money

paid by such customers for the oats (the goods sold) in ques-
tion, or without, when they sold the oats on time, or credit, to
their customers, releasing their customers from such sale, that
then they can require the defendants to pay them back all the
purchase money, and a little more, on the ground that the oats
sold were worthless. We agree with the Circuit Judge that
the case of *Kauffman Milling Co.* v. *Stuckey,* as reported in 37
S. C., 8, and in 40 S. C., 110, is conclusive of this case.

·It is the judgment of this court, that the judgment ·of the
Circuit Court be affirmed.