STATE OF NEW JERSEY v. ENOCH L. JOHNSON.

Argued November 13, 1911—Decided November 27, 1911.

The act concerning elections requires the county clerk to preserve
for a period of five years, after they are deposited with him,
registry lists used at an election and checked to indicate persons
voting thereat; the act also makes it a misdemeanor for any
officer to willfully or negligently violate any duty imposed on him
by the act. The defendant was indicted for withdrawing, re-
moving and carrying away from the possession of the county
clerk certain registers which had been used and checked at an
election. *Held*, that if the clerk violated his duty in allowing .
the registers to be removed out of his possession through the pro-
curement, aiding and assisting of the defendant, it is not so
manifest that no judgment could be rendered on the indictment
that the discretion to quash it ought to be exercised.

On *certiorari*. Motion to quash indictment for a mis-
demeanor.

Before Justices GARRISON, PARKER and BERGEN.

For the state, *Edmund Wilson*, attorney-general.

For the defendant, *French & Richards* and *Gilbert Collins*.

The opinion of the court was delivered by

BERGEN, J. The writ allowed in this proceeding brings into
this court, from the Court of Oyer and Terminer of the county
of Atlantic, an indictment against the defendant, and a motion
is now made to quash it. The indictment, among other things,
sets out that at a general election held in Atlantic county in
November, 1910, the clerk of the respective board of registry
and elections, as required by law, kept a register of the voters,
and checked the names written therein as the voters deposited
their ballots, and after the canvass of the votes, the registers
so checked were filed with the clerk of the county of Atlantic
to be there preserved by him for a period of five years. The

indictment then charges that thereafter the defendant, "unlawfully, willfully and with evil intent, and without warrant in the law did carry away, remove and withdraw said registers from and out of the possession of the said county clerk." The argument for the defendant is that the taking, carrying away and withdrawal of the registers unlawfully and with evil intent, is not made a crime by the statute, and therefore the indictment set out no punishable offence.

Section 67 of the act concerning elections (*Pamph. L.* 1898, *p.* 272) requires the registry list to be deposited with the county clerk after each election, and section 1 of a supplement to said act (*Pamph. L.* 1908, *p.* 30) requires the county clerk to preserve such lists for five years. It seems to us that the duty imposed upon the clerk under the above legislation, to preserve such registers in his office for the term of five years, is a part of the Election law intended to aid in insuring the purity of elections, and to assist in the discovery and prosecution of frauds, and that if the clerk should allow such registry lists to go out of his possession, during the forbidden period, in such manner as to afford the opportunity to alter or mutilate them, it would be a violation of the act relating to elections, because, in our opinion, such registers are a part of the election proceedings. If the county clerk can allow the registers to be removed and carried away by anyone who may apply for them, alterations and mutilations would be comparatively easy, and the registers become of small value as records of the manner in which the election had been conducted. We think it is clear that this legislation requires the county clerk to preserve these registers in the form he received them from the clerks of the board of registry and elections, and that he is not preserving such lists within the meaning of the act when he allows them to be withdrawn from his possession. He is to preserve them, and this is not done when he allows a person, without statutory authority, to withdraw them from his custody and control, and thus subject them to unlawful changes and alterations, and if he does so, it is not so clear that he would not be guilty of a violation of the act concerning elections as to warrant the quashing of an indictment if one were

presented against him for such neglect to preserve the registers, because the preservation is a duty which the law has imposed upon the county clerk, and under section 197 of the act to regulate elections (Revision of 1898), *Pamph. L., p.* 237, "every public officer upon whom any duty is imposed by this act who willfully or negligently violates his said duty, or who neglects or willfully omits to perform the same, shall be deemed guilty of a misdemeanor." If such violation of the law by the clerk is an indictable offence, then under section 2 of the supplement to the act regulating elections (*Pamph. L.* 1905, *p.* 224), which reads: "Whoever at any election in this state shall in any way counsel, procure, aid, advise, assist or abet any official or person in any act which is contrary to the provisions of this act or to the act to which this is a supplement, shall be guilty of a misdemeanor," this defendant would be guilty equally with the clerk if he counseled, procured, aided, &c., that official in any act contrary to the provisions of the statute. That the indictment charges the defendant with doing the act as principal rather than as aiding and abetting the county clerk is of no importance, because all who aid or participate in the commission of a misdemeanor are principals, and one indicted as a principal may be convicted as such, where the testimony limits his participation to aiding and abetting. *State* v. *Wilson,* 50 *Vroom* 241. It does not appear to us that it is so manifest that no judgment can be rendered on this indictment that it ought to be quashed, and we prefer to follow the rule laid down in *Proctor* v. *State,* 26 *Id.* 472, that the discretion to quash an indictment on motion will not be exercised unless upon the clearest and plainest ground, but the defendant will be left to a demurrer, motion in arrest of judgment or writ of error.

The motion to quash will be denied, and the indictment retained in this court for trial.

When this motion was argued an application was also made. for a special writ of *certiorari* to bring up some of the proceedings relating to the finding of the indictment, if the motion to quash was refused, in order that the defendant might have so much of the proceedings as related to the finding of

the indictment brought into this court that he may have the opportunity to avail himself of all of the defences he would be entitled to if the indictment remained in the Oyer and Terminer.

We think that the defendant is entitled to a writ sufficiently broad to accomplish this purpose, the scope of which will be fixed when the writ is submitted for allowance.