STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS McDEVITT AND GEORGE C. AMOLE, PLAINTIFFS IN ERROR.

Argued November 18, 1913—Decided March 16, 1914.

On appeal from the Supreme Court, whose opinion is reported in 55 *Vroom* 11.

For the plaintiffs in error, *Theodore W. Schimpf* and *James M. Sheen.*

For the defendant in error, *Edmund Wilson.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Chief Justice Gummere in the Supreme Court.

SWAYZE, J. (dissenting). The witnesses for the state when first called agreed in testifying that the polling booth in 1909 was on a certain side of the street, and adhered to their statements on cross-examination. Counsel for the de-

fendant evidently opened that the defence would be that
the polling booth in 1909 was on the opposite side of the
street, and that it was in 1908 that the polls were on the side
fixed by the witnesses. The point was important since in one
case the prosecution was barred by the statute of limitations;
in the other it was not. The next morning, while the defence
was proceeding with the examination of its witnesses and had
begun an attack upon the reputation of the state's witnesses
for truth and veracity, the attorney-general was allowed to
break in, recall his witnesses and have them correct their tes-
timony. This was in the face of the most earnest protest by
defendant's counsel, and a plea to be allowed to proceed with
his case without interruption. The excuse for it was that it
would give the defendant's attorney an opportunity to meet
the state's case, to which counsel very properly rejoined that
he did not want the opportunity. He might well have added,
that he was entitled to meet the case they had already made
and not a different case. He substantially did so by his pro-
test. He protested also against the attorney-general stating
in the presence of the jury, the correction to be made. The
whole record of the proceedings is certified to us pursuant to
section 136 of the Criminal Procedure act, and the question
on this branch of the case is whether the court denied any
matter resting in discretion. I think it did. It was within its
discretion to allow the defence to put in its case without inter-
ruption; this was almost a legal right and might be a most
valuable right where the reputation of the state's witnesses
was assailed as here; it was not only denied but the state
was allowed to change its case over night after witnesses
may have gone home; for obviously when the state's witnesses
had fixed the occurrence as taking place on one side of the
street, all that was incumbent on the defendant was to show
that that could not be true, and they might well dismiss their
witnesses as to the otherwise more important facts.

This, however, was not all. The learned judge told the
jury that the defendant insisted that the witnesses for the
state were mistaken as to the time when the acts occurred.

This was not the contention of the defendants as disclosed by the record. Their contention was that the witnesses for the state were right when they first testified and wrong when they corrected themselves the next morning after hearing the opening for the defence. The judge then said that it was immaterial on which side of the street the polls were on that day, so far as the commission of this offence was concerned; that if the acts took place they would constitute a crime whether on the east or west side of the street; that its only relevancy was to test the credibility and recollection of the witnesses; and he then minimized the importance of the conflict and told the jury it seemed to him a trifle.

I think this charge was erroneous. It was not immaterial which side of the street the polls were on. It was vital to the case. If they were on the side the witnesses first said, no justifiable offence was before the court; the statute says no person shall be prosecuted, tried or punished unless the indictment be found within two years. The happening within two years is of the very essence of the case, and if the first testimony was correct, the defendants were entitled to a direction of a verdict in their favor. As Mr. Justice Dixon said in *Moore* v. *State,* 14 *Vroom* 203 (at *p.* 209) : "This, in effect enacts that when the specified period shall have arrived, the right of the state to prosecute shall be gone, and the liability of the offender to be punished—to be deprived of his liberty—shall cease." I think, therefore, the defendants suffered manifest wrong and injury in the charge of the court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, BOGERT, CONGDON, HEPPENHEIMER, JJ. 5.

*For reversal*—SWAYZE, PARKER, MINTURN, VREDENBURGH, JJ. 4.