THE STATE OF NEW JERSEY, RESPONDENT, v. CHARLES P. ACTON, PROSECUTOR.

Submitted October 17, 1930—Decided January 7, 1931.

Before Justices Parker, Campbell and Bodine.

For the prosecutor, *F. Newlin Acton.*

For the state, *William A. W. Grier,* prosecutor of the pleas.

Per Curiam.

The indictment charges embezzlement. A former indictment based on the same general facts was quashed by this court on the ground that "there was nothing to indicate whether the United States Fidelity and Guaranty Company, named as the owner of the money alleged to have been embezzled, was a corporation, a social organization, or other entity." *State* v. *Acton,* 8 *N. J. Mis. R.* 198; 149 *Atl. Rep.* 339. Thereupon the present indictment was found. It charges that the defendant, on the 30th day of July, in the year of our Lord 1928, at the city aforesaid, in the county of Salem aforesaid, and within the jurisdiction of this court, and on various other days between the said date and the 12th day of December, 1928, as an officer of trust and profit, to wit, president and manager of Charles P. Acton, Incorporated, a corporation under the laws of the State of New Jersey, which corporation was entrusted with the collection of moneys due for premiums on insurance policies, which moneys were due to and the property of the United States Fidelity and Guaranty Company, a body corporate, under the terms of the contract of employment, and demand having been made for the said moneys, which moneys and funds were entrusted and committed to the care of Charles P. Acton, Incorporated, did feloniously embezzle and convert to his own use and to the use of other persons or corporations with intent to defraud said United States Fidelity and Guaranty Company, a body corporate, and did unlawfully and fraudulently dispose of the said funds, to wit, the sum of $4,535.72, lawful money of the United States of America."

To this second indictment a writ of *certiorari* was allowed, and it is now before us.

The first point made in attack on the indictment is that it does not appear, expressly or by implication, that the "United States Fidelity and Guaranty Company, a body corporate," is entitled to own property or money the subject of an embezzlement, or that it is within any class of persons or corporations mentioned in section 167 of the Crimes act. *Comp. Stat., p.* 1795. The indictment describes the company as "a body corporate," adopting the precise language of the statute in this particular as in others. As to pleading that the "body corporate" is legally entitled to own property subject to embezzlement, we deem that altogether unnecessary. That power is expressly conferred by section 1 of our Corporation act on all domestic corporations and by section 95 on all foreign corporations, at least to the extent of their authorized business, and that is quite sufficient for present purposes.

The next point is that the indictment fails to "set forth the fiduciary relation of the accused to the person [corporation] whose property is claimed to have been embezzled." The statute reads: "Any person who, holding an office of trust and profit under * * * any public or private corporation existing under the laws [of this state] who shall embezzle any of the money * * * committed to his keeping, with intent to defraud * * * any * * * body corporate or person, or shall fraudulently dispose of the same, shall be guilty of a high misdeamor." An examination of the indictment as set out above will show that defendant was an officer of a New Jersey corporation collecting money for the Fidelity company; that the money was committed to his keeping in his capacity as officer, and that he embezzled it in fraud of its rightful owner. Here again the language of the statute is followed, and in our estimation, a violation of it adequately charged.

The last point made is that the indictment is ambiguous and indefinite. We are unable to see that it is either in any respect that cannot be fully met by a bill of particulars.

It is well to add that the court is always loth to quash

an indictment except on the plainest ground. *State* v. *Johnson,* 82 *N. J. L.* 330; *State* v. *Ruffu,* 8 *N. J. Mis. R.* 392; 150 *Atl. Rep.* 249. It was promptly quashed before, to permit a new indictment before the statute of limitations should have run. 149 *Atl. Rep.* 340. At this writing the statute has run, and that is a most important reason to hold the indictment and leave defendant to his demurrer, on motion in arrest of judgment. *State* v. *Tilton,* 104 *N. J. L.* 268.

The motion to quash will be denied and the indictment remitted to the Salem Quarter Sessions, there to be proceeded with according to law.