THE STATE OF NEW JERSEY, PLAINTIFF, v. JOHN C. HELMS, DEFENDANT.

Submitted May term, 1936—Decided July 22, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the state, *Thomas G. Tuso,* prosecutor of the Pleas of Cumberland county.

For the defendant, *Waddington & Matthews.*

The opinion of the court was delivered by

PERSKIE, J.   The defendant was indicted by the Cumberland county grand jury (December term, 1935), for obtaining property by false token and pretense.   This indictment charges that on May 20th, 1935, defendant, John C. Helms, "* * * devising and intending to cheat and defraud M. Alice Pancoast of her property, unlawfully, knowingly and designedly, did falsely pretend that he, the said John C. Helms, had money in bank and that he was sending his employe to the property of M. Alice Pancoast, to purchase a load of chickens, and that the value thereof would be paid for in cash, and that accordingly the said John C. Helms did send his employe to the property of the said M. Alice Pancoast, in Upper Deerfield Township, as aforesaid, who the said employe, loaded 230 chickens on the truck of Joseph C. Helms and instead of paying for the said chickens in cash,

said employe gave to M. Alice Pancoast, a post-dated check for the sum of One Hundred and Forty-nine Dollars and Fifty Cents ($149.50), purported to have been made by the said John C. Helms, and drove away from the premises, notwithstanding the protests of the said M. Alice Pancoast, who was demanding cash in pursuance to the agreement to pay for the said chickens in cash; whereas in truth and in fact he, the said John C. Helms, did not pay the said sum of $149.50 in cash for the said chickens, nor did he, the said John C. Helms, have $149.50 in Bank at the time of the making of the said check or at the time the said check was presented for payment, as he, the said John C. Helms then and there well knew, by color and means of which said false pretenses he, the said John C. Helms unlawfully, knowingly and designedly obtained from M. Alice Pancoast, 230 chickens of the value of $149.50, the property of the said M. Alice Pancoast, with intent to cheat and defraud the said M. Alice Pancoast, contrary to the form of the statute in such case made and provided against the peace of this State, the government and dignity of the same."

Attorneys for the defendant moved to quash the indictment. The reasons upon which that motion was based are not made to appear. At all events, the motion was denied. It is now urged that the indictment should be quashed for the reasons, (1) that it does not set forth a crime; (2) that it merely charges an ordinary business transaction, i. e., a mere promise to pay in the future; (3) that it does not set out with particularity the crime of obtaining goods by false pretense so that it is impossible for the defendant to plead thereto; (4) that it so lacks particularity in charging the "factors" of the alleged offense that it is impossible to be properly tried thereon.

No intimation is even made that the learned judge below abused his judicial discretion (*State* v. *Riggs,* 92 *N. J. L.* 575; 106 *Atl. Rep.* 467), or that he acted capriciously. *State* v. *Then,* 114 *N. J. L.* 413; 177 *Atl. Rep.* 87.

It is, of course, the firmly established law that our courts are always loath to quash an indictment except on the plainest grounds. *State* v. *Johnson,* 82 *N. J. L.* 330; 81 *Atl. Rep.*

657; *State* v. *Ruffu,* 8 *N. J. Mis. R.* 392; 150 *Atl. Rep.* 249; *State* v. *Then,* 114 *N. J. L.* (at *p.* 417) "* * * but defendant will be left to a demurrer, motion in arrest of judgment or writ of error." *Proctor* v. *State,* 55 *N. J. L.* 472; 26 *Atl. Rep.* 804; *State* v. *Ruffu,* 8 *N. J. Mis. R.* (at *p.* 394).

For many years past it has been the practice "to disallow an application for a writ of *certiorari* to remove an indictment into the Supreme Court for the purpose of moving there to quash it, unless the prosecutor of the Pleas consented to its removal, *or unless it appeared upon the face of the indictment that it was clearly defective in substance and a motion to quash had been made in the court of the first instance, which motion was denied."* *State* v. *Bolitho,* 103 *N. J. L.* 246, 253; 136 *Atl. Rep.* 164; *affirmed,* 104 *N. J. L.* 446; 146 *Atl. Rep.* 927, and restated in *State* v. *Ruffu,* 8 *N. J. Mis. R.* (at *p.* 395). (Italics ours.)

The case of *State* v. *Barone,* 98 *N. J. L.* 9; 118 *Atl. Rep.* 779, so strongly urged for defendant is without application. In that case the question was whether the issuance of a post-dated check and the acceptance thereof with knowledge of the fact that defendant "then had no funds in the bank upon which it was drawn" brought the maker thereof within the condemnation of *Pamph. L.* 1919, *ch.* 72, *p.* 133; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 868, § 52-212i. And the court in deciding in the negative pointed out: "* * * nor was there even a suggestion in the evidence that the payee had been induced to accept the check by reason of any express representation with relation to it which was made by the defendant."

We think the indictment is within the language of the statute (Crimes act, section 186, 2 *Comp. Stat.* (1709-1910), *p.* 1800) ; and defendant has failed to make it appear that the indictment, on its face, was clearly defective in substance.

The writ is discharged, with costs.