10 N.J. Super. 245 (1950)
77 A.2d 38
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK J. SHIPLEY, ET AL., DEFENDANTS-APPELLANTS. [Indictment Nos. 244, 245, 246, 247, 248  Procuring illegal registrations]
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES J. KINNEALLY, DEFENDANT-APPELLANT. [Indictment No. 249  Subornation of perjury]
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE F. BARTELL, HAROLD HARRINGTON, EDMUND D. JENNINGS, JAMES J. KINNEALLY, ROBERT McCURDY AND FRANK J. SHIPLEY, DEFENDANTS-APPELLANTS. [Indictment No. 250  Conspiracy]
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1950.
Decided December 6, 1950.
*247 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*248 Mr. David I. Stepacoff and Mr. Richard F. Green argued the causes for appellants (Messrs. John F. Ryan, David I. Stepacoff and Richard F. Green, attorneys).
Mr. H. Russell Morss, Jr., argued the causes for respondent (Mr. Edward Cohn, Union County Prosecutor).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The appeals in these cases were consolidated for hearing. They bring up for review orders of the Union County court denying defendants' motions to dismiss seven indictments (Nos. 244 to 250, inclusive) and orders denying defendants' motions for the reopening of argument on the motions to dismiss the indictments and for leave to take depositions. When the applications for leave to appeal (Rule 4:5) were made, the Prosecutor of the Pleas consented to the granting thereof. Cf. State v. Helms, 14 N.J. Misc. 564 (Sup. Ct. 1936).
Indictment Nos. 244 to 248, inclusive, each charge an individual defendant, in several counts, with procuring illegal registrations. Since Count I of Indictment No. 248 is typical of the counts in all these indictments, the arguments are addressed to it. This count charges: "on the 22nd day of September, 1949, in the City of Rahway, in the County of Union * * * the said City of Rahway then and there being a municipality having permanent registration pursuant to the provisions of the laws regulating elections * * * George F. Bartell unlawfully, knowingly, corruptly, and willfully did counsel and procure the name of John Paskowitz, Jr., to be registered on the registry list of the First Election District of the Fifth Ward of the said City of Rahway for the next ensuing general election to be held on Tuesday, the 8th day of November, 1949, * * * the said John Paskowitz, Jr., then and there not being entitled to vote in the aforesaid election district at the said next ensuing general election for the reason that he * * * would not have been a resident of the State of New Jersey for a period of *249 one year next before said election * * * and the said George F. Bartell then and there well knowing that he, the said John Paskowitz, Jr., was not entitled to vote in the aforesaid election district" for the reason given.
R.S. 19:34-20, in pertinent part, provides that: "Whoever * * * shall willfully counsel, procure, aid, advise, assist or abet in the registering of the name of any other person on the registry list of any election district or precinct, knowing such other person is not entitled to vote therein * * * shall be guilty of a misdemeanor and punishable by a fine of five hundred dollars, or imprisonment in state prison for the term of three years, or both."
The initial attack is that the indictments "fail to charge a crime, in that they allege that the defendants registered certain persons for the general election of 1949, whereas in fact and in law the alleged registrations could only be permanent registrations." That the registrations were permanent registrations does not alter the fact that they were also registrations for the next ensuing general election. R.S. 19:31-5, which sets forth the requirements for registration, provides: "Each person, who at the time he applies for registration resides in the district in which he expects to vote, who will be of the age of twenty-one years or more at the next ensuing general election, who is a citizen of the United States, and who, if he continues to reside in the district until the next general election, will at the time have fulfilled all the requirements as to length of residence to qualify him as a legal voter, shall, unless otherwise disqualified, be entitled to be registered in such district * * * The registrant when registered as provided in this title shall be eligible to vote at any election subsequent to such registration * * *." If John Paskowitz, Jr., was registered on September 22, 1949, as charged, such registration was a registration for the next ensuing general election, which was held on November 8, 1949.
The next challenge is that the indictments fail to charge a crime "in that whereas the statute tests eligibility *250 to vote as of election day, the indictments charge that the persons registered were, as of earlier dates, then and there not entitled to vote." This challenge is frivolous. The indictments state that the persons were registered "then and there not being entitled to vote in the aforesaid election district at the said next ensuing general election * * *." (Italics ours.) R.S. 19:31-5 requires that the registrant, at the time of registry, must be one who will, if he continues to reside in the district until the next general election, at that time have fulfilled all the requirements as to length of residence to qualify him as a legal voter. A violation of this requirement is clearly charged. Cf. State v. Nugent, 77 N.J.L. 80 (Sup. Ct. 1908).
The indictments are said to be defective because they charge that the persons registered were not entitled to vote; whereas the proper test is whether they were entitled to be registered. The indictments clearly charge the procuring of an illegal registration in violation of R.S. 19:34-20 (above). State v. Nugent, above.
An attempt was made below, and is renewed here, to have the indictments dismissed on the ground that, in a collateral proceeding, after the general election of 1949, for the striking of names from the permanent registration rolls of Union County, the names of sixteen of those alleged in the indictments to have been illegally registered were struck from the list, while the names of three were not struck. On a motion to dismiss, the facts stated in the indictment as constituting the offense must be taken as true. State v. Tachin, 92 N.J.L. 269, 277 (Sup. Ct. 1919); affirmed, 93 N.J.L. 485 (E. & A. 1919); writ of error dismissed, Tachin v. State of New Jersey, 254 U.S. 662, 65 L.Ed. 463 (1920); 42 C.J.S., Indictments and Informations, § 214. The motion to dismiss will be denied unless the indictment on its face appears incapable of supporting a judgment of conviction. State v. Riggs, 91 N.J.L. 456 (Sup. Ct. 1918). Since this challenge sought only to question the facts stated in the indictments, it was improper on a motion to dismiss.
*251 Indictment No. 249 is an indictment of one of the appellants for subornation of perjury. It is challenged on the ground that it "fails to charge a crime in that the alleged soliciting of perjury or false swearing did not pertain to a fact material to the issue before the Court." The indictment charges that the testimony alleged to be false was known to the defendant to be so and was "on a matter material to the issue then being tried." The materiality of the statement alleged to be false may either appear on the face of the indictment by an examination of the alleged false testimony in its relations to the issue on trial, or its materiality may be averred in the indictment, and such averment of materiality is sufficient. State v. Voorhis, 52 N.J.L. 351 (Sup. Ct. 1890); State v. Beard, 25 N.J.L. 384 (Sup. Ct. 1856). Where, as here, there is an averment of materiality, and nothing on the face of the indictment to positively show immateriality, the motion to dismiss should be denied and the State permitted to put in evidence to prove the materiality. 2 Wharton's Criminal Law, § 1570 (12th ed. 1932).
Indictment No. 250 is an indictment for conspiracy. It charges that the defendants "unlawfully and corruptly did combine, unite, confederate, conspire and bind themselves by an agreement among themselves to pervert and obstruct the due administration of the aforesaid laws regulating elections by unlawfully, knowingly and corruptly removing from the office and custody of the City Clerk of the said City of Rahway, original and duplicate copies of permanent registration and record of voting forms * * * entrusted to the custody of the aforesaid City Clerk of the City of Rahway * * * for the purpose and with the intent * * * of unlawfully, knowingly and corruptly causing and procuring various and sundry persons then and there residing in the City of Rahway not then and there legally registered to vote, to assign and affix their signatures to the above described permanent registration and voting record forms and to register to vote at the next ensuing general election * * * at various places in the said City of Rahway other than the aforesaid office of *252 the City Clerk of the City of Rahway and at times other than during office hours of the said City Clerk * * * thereafter returning the said permanent registration and voting record forms to the said office and custody of the said City Clerk of the City of Rahway; thereby unlawfully and corruptly causing and procuring the names of the aforesaid applicants for permanent registration to be inserted and included in the permanent registry lists * * * contrary to the provisions of R.S. 2:119-1h * * *." The indictment also alleges overt acts done in furtherance of the execution of the conspiracy.
R.S. 2:119-1 provides: "any two or more persons who shall combine, unite, confederate, conspire or bind themselves by oath, covenant, agreement or other alliance: * * * h. To commit any act for the perversion or obstruction of justice or the due administration of the laws  Shall be guilty of a conspiracy * * *." Whatever perverts or turns from its true end or purpose the administration of the election laws is within the provisions of this section. State v. McDevitt, 84 N.J.L. 11 (Sup. Ct. 1913); affirmed, 85 N.J.L. 731 (E. & A. 1914); Moschell v. State, 53 N.J.L. 498 (Sup. Ct. 1891); affirmed, 54 N.J.L. 390 (E. & A. 1892). R.S. 19:31-6 provides: "the members of the county board may, and the commissioner or a duly authorized clerk or clerks acting for him shall * * * receive the application for registration of all eligible voters who shall personally appear for registration during office hours, at the office of the commissioner or at such other place or places as may from time to time be designated by him for registration * * *." R.S. 19:31-7 provides: "* * * the respective municipal clerks or their duly authorized clerk or clerks in all municipalities, with the exception of those municipalities in which the county seat of such county is located, shall also be empowered to register applicants for permanent registration at their respective offices * * * in the manner indicated above, subject to such rules and regulations as may be prescribed by the commissioner * * *." These sections prescribe the persons by whom and the times and places at which registrations are *253 authorized, and this indictment presents with reasonable certainty all the facts necessary to render the offense judicially apparent. Therefore, it should not be dismissed. State v. Ellenstein, 121 N.J.L. 304 (Sup. Ct. 1938).
The defendants' last point is that the court erred in denying their motions to reopen argument on the motions to dismiss the indictments and their motions for leave to take depositions. Since no reason is advanced to support the claim of error, there is nothing before us for consideration.
The orders under appeal are affirmed.