25 N.J. Super. 484 (1953)
96 A.2d 680
STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
J. MINOR SULLIVAN, III, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1953.
Decided May 11, 1953.
*488 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Frank H. Lawton argued the cause for the complainant-respondent (Mr. Mario H. Volpe, attorney).
Mr. Harry A. Walsh argued the cause for the defendant-appellant (Mr. Thorn Lord, attorney; Mr. Frank T. Thompson, Jr., of counsel).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The substantial question is whether the indictment charging the defendant with perjury in violation of R.S. 2:157-1 (now N.J.S. 2A:131-1), sufficiently charges that crime. Defendant's application to the Law Division to dismiss the indictment was denied and this court granted him leave to appeal therefrom.
The indictment in question, containing eight counts, specifically recites in each count portions of defendant's testimony at the second murder trial of Ralph Cooper, Collis English, McKinley Forrest, John MacKenzie, James H. Thorpe and Horace Wilson, regarding the results of his interview, examination and observation of the aforementioned defendants, in which testimony Sullivan states a conclusion as to the examined persons' mental and physical condition and the cause thereof. These excerpts of testimony are preceded by an allegation "* * * that the said J. Minor Sullivan, III while still under said oath as such witness, on the fifth day of April, 1951, then and there knowingly, falsely, corruptly and willfully did say, depose, swear and give in evidence among other things in substance and to the effect following * * *," and are followed by an allegation that Sullivan well knew that the condition alleged did not, in *489 truth and fact, exist and that Sullivan "Then and there did commit willful and corrupt perjury in manner and form aforesaid contrary to the provisions of R.S. 2:157-1 and against the peace of this State, the government and dignity of the same."
The defendant asserts that the indictment is predicated upon professional opinions and beliefs of the defendant and fails to contain allegations necessary to charge a crime; that the indictment does not properly apprise the defendant of the particular offense with which he is charged and that the allegation of falsity is not charged with such certainty as to enable a person of common understanding to know what is intended; that there is an utter failure to set forth the contradictory facts upon which falsity depends and that this statement by way of antithesis must be set out in the indictment, else it be defective. It is stated that the use of terms of generality, conclusion and bare allegation is insufficient and defective to the indictment.
The State contends that the indictment is not defective, but that it sets forth every constituent element of the crime of perjury; and that the court's refusal to quash the indictment will not be set aside unless it appears that the discretionary power was capriciously and arbitrarily exercised.
The rule governing the validity of indictments is quite explicit and well settled.
"* * * Our State Constitution guarantees that `No person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury.' Art. I, par. 8. Our rules of court provide that `The indictment or accusation shall be a written statement of the essential facts constituting the offense charged.' Rule 2:4-11 (a). The purpose of the indictment is to inform the accused of the nature of the offense charged so as to enable him to make an adequate defense as well as to avail himself of his conviction or acquittal to avoid the threat of double jeopardy. State v. Morano, 134 N.J.L. 295 (E. & A. 1946). The indictment also serves to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained, U.S. v. Hess, 124 U.S. 483, 31 L.Ed. 516 (1888). The indictment must be examined in the light of the constitutional provisions, the rules of court and the decisions." State v. Winne, 12 N.J. 152, 96 A.2d 63.
*490 Perjury has been defined, at early common law, "* * * as the wilful assertion as to a matter of fact, opinion, belief, or knowledge made by a witness in a judicial proceeding as part of his evidence, either upon oath or in any form allowed by law to be substituted for an oath, whether in open court, in an affidavit, or otherwise, such assertion being known to such witness to be false, and being intended by him to mislead the court, jury, or person holding the proceeding." 41 Am. Jur., Perjury, sec. 2, p. 4; 70 C.J.S., Perjury, sec. 1, p. 457. The codification of statutory law has made some changes in this conception of the offense in certain jurisdictions. "The offense, however, is now largely controlled by statute, and, although the various definitions do not differ to any great extent from the common-law definition, is generally defined as the wilful and corrupt false swearing or affirming, after an oath lawfully administered, in the course of a judicial or quasi-judicial proceeding as to some matter material to the issue or point in question." 41 Am. Jur., supra, sec. 2, p. 4. State v. Dayton, 23 N.J.L. 49, 53 (Sup. Ct. 1850); State v. Kowalczyk, 4 N.J. Super. 47 (App. Div. 1949); reversed on other grounds, 3 N.J. 51 (1949); R.S. 2:157-1.
In the matter sub judice, that the offense charged is one committed in the course of a judicial proceeding cannot be denied. The defendant concedes that there might arise situations where a person could be charged with perjury based upon his opinions or beliefs. However, defendant argues that in such cases the existence or non-existence of belief in the conclusion reported becomes the basis of the perjury charge, not the existence or non-existence of the facts forming the basis of the opinion or belief.
As to statements of opinion it is said:
"The broad general rule to the effect that a statement to support a charge of perjury must not be based upon an opinion is subject to the qualification that a statement of belief or opinion, under oath, constitutes the offense when, as a matter of fact, the witness had no such belief or opinion.
If, in a prosecution for perjury, questions are asked of a general character, upon material issues, either involved in the case itself *491 or to discredit the witness, and he answers falsely, and it is shown that this is deliberate and wilful, his answer will afford the basis for a prosecution for perjury, even though the questions may be too general to form the basis for the impeachment of the witness." 41 Am. Jur., supra, sec. 6, p. 6.
There is a distinction between an honest but erroneous statement of opinion and a false statement of fact. The latter is held to be a matter of perjury. 70 C.J.S., supra, sec. 5, p. 462. Similarly, it is held that a false statement of opinion or belief may constitute the offense of perjury and in such matters the existence or non-existence of an opinion or belief is in itself a material matter of fact. 70 C.J.S., supra, sec. 5, p. 462.
Counsel were unable to find a New Jersey case construing an indictment charging the offense of perjury predicated upon a false statement of opinion or belief. Similarly, our research has not revealed any applicable New Jersey decisions. In examining the authorities of foreign jurisdictions, we find the cases of Williford v. State, 53 Ga. App. 334, 185 S.E. 611 (Ct. App. 1936); Cassady v. State, 18 Okla. Crim. Rep. 568, 197 P. 171 (Cr. Ct. App. 1921); and People v. Agnew, 77 Cal. App.2d 748, 176 P.2d 724 (Dist. Ct. App. 1947), hold, in effect, that if a person makes an affidavit he knows is false, although stated to be on information and belief, he may be indicted for perjury. In the case of Hicks v. State, 67 Ga. App. 475, 21 S.E.2d 113 (Ct. App. 1942), where, in an application for a change of venue for the trial of one Bill Chappell, indicted for murder, Hicks had allegedly procured one Paul Howard to commit perjury in the making and filing of an affidavit stating, inter alia: that "* * * affiant is of the opinion that Bill Chappell can not get a fair and impartial trial in said county, and that a fair and impartial jury can not be obtained in said county * * *" to try the defendant, which was alleged to be untrue and false and known to be untrue and false at the time said affidavit was executed, it was held to be sufficient to sustain the indictment for subornation of perjury. Cf. Ex parte Ellis, reported *492 in 25 L.R.A. (N.S.) p. 653 (Okla. Crim. Ct. App., 1910), and editorial comment thereon.
The defendant's statements as to a nervous, drugged, amnestic or suggestive state of mind in the several murder suspects, may constitute perjurious testimony for the reason that it is alleged that he well knew the absence of their factual existence when he swore to them in his testimony and that he did not hold a firm belief in their existence under the circumstances of the case. Under either or both circumstances, an indictment may be warranted.
The proofs of either such facet of the wrong are so interwoven and so interdependent that we fail to see that the indictment in its present form neglected to apprise defendant of the essential facts of the charge or will prejudice him in the preparation of his defense. Particularly is this so under circumstances where each count of the indictment embodies a direct quotation of the alleged perjurious testimony and specifies the time, place, incident and person of whom it is stated and its materiality. The essential elements of the offense of perjury are charged in each count wherein it is stated following each statement complained of that: "whereas in truth and in fact, as he, the said J. Minor Sullivan III, then and there well knew" the murder suspect was not in the state of mind recited.
The defendant makes further objection to the use of general language that the testimony complained of was known to the defendant to be false; that same was willfully given and argues that it is insufficient to apprise the defendant of the accusation against him. The use of general statutory language has been held to constitute a sufficient description of the alleged offense where there is particularity as to the instance of commission thereof. State v. Winne, supra.
In the matter sub judice, the defendant is informed by direct quotation of the testimony charged to have been knowingly, willfully, falsely and corruptly given. The indictment further charges that defendant gave such perjured testimony on a specified day, in a specified trial and *493 before a specified court. We find no want of particularity as to the alleged offense that would prejudice defendant in the preparation of his defense. A further specification in the indictment of the evidence of falsity of the testimony complained of, or of any of the other elements proving perjury would call for a pleading of the evidence which is not the function of an indictment. The purpose of an indictment is to inform the defendant of the nature of the charge against him. In the case of State v. Voorhis, 52 N.J.L. 351, 357 (Sup. Ct. 1890), passing upon the validity of an indictment for perjury, the court stated:
"It should, in such case, be shown in what respect the statement is false, and with such degree of particularity that, upon the face of the indictment, it will appear whether or not the falsity is in a matter material to the issue."
If he needs a further specification of particulars as information to aid in his defense he may obtain such by a bill of particulars under Rule 2:4-14. State v. Voorhis, supra, at p. 357. See State v. Shipley, 10 N.J. Super. 245, 251 (App. Div. 1950).
The trial judge is empowered, in his sound discretion, to quash an indictment, but this discretion may not be exercised "except on the plainest ground" or on "the clearest and plainest ground," unless the indictment is "palpably defective." State v. Winne, supra, citing State v. Ellenstein, 121 N.J.L. 304, 325 (Sup. Ct. 1938); State v. Davidson, 116 N.J.L. 325, 328 (Sup. Ct. 1936); State v. Acton, 9 N.J. Misc. 55, 58 (Sup. Ct. 1931). The exercise of the trial court's discretion will not be disturbed unless it has been clearly abused. State v. Then, 114 N.J.L. 413 (Sup. Ct. 1935); State v. Narushef, 15 N.J. Super. 483 (App. Div. 1951); cert. den., 8 N.J. 412 (1952); State v. Bunk, 4 N.J. 482 (1950). "Our courts have repeatedly held that `discretion ought not to be exercised in a case like this where injustice may be done thereby to the state and where the refusal to exercise it deprives the defendant of no substantial rights.' State v. Lehigh Valley Railroad Company, 90 *494 N.J.L. 372, 376 (Sup. Ct. 1917)." State v. Winne, supra.
The order denying the motion for dismissal of the indictment is affirmed.