### THE STATE v. JAMES R. NUGENT ET AL.

Argued June 3, 1908—Decided November 9, 1908.

1. An indictment for the violation of *Pamph. L.* 1905, *p.* 224, § 2, which act makes a person who shall willfully counsel, procure or abet the registering of the name of any person on the registry list of an election district, knowing that such person is not entitled to vote therein, guilty of a misdemeanor, which indictment states the number of the district and the ward within which it lies, sufficiently shows that the district is a legally constituted election district.
2. Such an indictment is not required to allege that the false registration was made with intent to vote at the general election, as such intention is not a part of the defined statutory offence.
3. This statute includes the persuading of a voter to personate another voter or to do any act which may result in the registration of the name of a person not entitled to vote.
4. There may be a joint counseling, procuring or abetting the false registration of a person, for which more than one person may be jointly convicted.

---

An application for a writ of *certiorari* to bring up an indictment found in the Essex Oyer and Terminer.

Before Justices REED, BERGEN and VOORHEES.

For the application, *Samuel Kalisch.*

*Contra, Louis Hood.*

The opinion of the court was delivered by

REED, J.   This indictment is against joint defendants. The indictment charges that on October 22d, 1907, at the city of Newark, in the county of Essex, the board of registry and election for the sixth election district of the first ward of the city of Newark, being then organized according to law, was then and there in session at the place within the said election district provided for by law, to register the names of persons residing in the said district entitled to the right

of suffrage therein at the general election to be held on November 5th, 1907, whereupon the four defendants in the said county did then and there unlawfully and willfully aid, advise, assist and abet one William Brown, *alias* Thomas Curran, in registering the name of Thomas Curran on the registry list of said election district, well knowing the said William Brown, *alias* Thomas Curran, not to be entitled to vote therein at the said election, by then and there unlawfully and willfully counseling, aiding, advising, assisting and abetting the said Thomas Curran to appear in person before the said board of registry and to unlawfully, knowingly and falsely pretend and represent to the said board of registry that his name was Thomas Curran and that he resided at No. 33 Atlantic street in the said election district, and that he was entitled to the right of suffrage at the said general election, and by willfully counseling, aiding, advising, assisting and abetting the said Curran did request the said board of registry to register the name of Thomas Curran, residing at No. 33 Atlantic street, upon the said registry list as a person residing in said district and entitled to the right of suffrage therein, which said registering of Thomas Curran the said board of registry then and there made, the said defendants then and there well knowing that Curran was not in fact Thomas Curran, residing at No. 33 Atlantic street in the said district, and that he was not entitled to vote in the said district at the said election by reason of his non-residence therein.

.The indictment is founded upon the following clause in section 2 of the supplement to "An act to regulate elections" (*Pamph. L.* 1905, *p.* 224) : "Whoever shall willfully counsel, procure, aid, advise, assist or abet in the registering of the name of any other person on a registry list of any election district or precinct, knowing such other person is not entitled to vote therein, * * * shall be guilty of a misdemeanor."

It is first charged that the indictment is faulty in failing to set out facts to show that the district was a legally constituted election district.

We think that the statement of the number of the district and the ward within which it lies was sufficient.

It is insisted that there is no statement that the false registration was made with the intention to vote at the alleged general election.

It is sufficient to say that such intention is not a part of the defined statutory offence. The statute makes the misdemeanor complete when the defendant willfully aids and assists in the registration of a person not qualified to vote, knowing of his disqualification.

Again it is insisted that the clause in section 2 of the act of 1905, *supra,* only includes instances where the influence is to be exercised upon the members of the board of registry directly by inducing them to place fraudulent names upon the list, as for instance, by presenting to the board of registry an affidavit of persons who have not been registered as persons who are entitled to be registered and to vote in the district. It is therefore insisted that merely advising a person to register his name, knowing him to be disentitled to vote, is not within the language of the statute.

We think differently. We think the counseling and procuring of the registration of the name of any other person on a registry includes the persuading of the person to personate another voter, or to do any act which may result in the registration of a name not entitled to vote. The procuration need not directly affect the board of registration, but if it puts in motion an act operating either upon the voter or upon the board, which results in getting a false name upon the registry list, it is within the act.

The last objection pressed is that the statutory offence is distinct in its nature, and that a single act is incapable of being committed by more than one person. It is insisted, therefore, that the conviction of these defendants jointly is a legal impossibility.

The question is, can two or more persons willfully counsel, procure, aid, advise, assist or abet in the false registration of a name?

Says Mr. Bishop: "The test to determine whether an of-

fence may be deemed joint or not, has been stated by an American judge (Chief Justice Robertson, in *Comm* v. *McChord, 2 Dana* 242) as follows: 'It is to consider whether each offender be guilty in the some degree of the same crime so that he might be separately convicted, even though another was the actual perpetrator. If each may be so convicted, their guilt is joint, but otherwise it is several.' " Mr. Bishop continues: "Thus," says Mr. Starkie, "in a case of obtaining money under false pretences, if several defendants act in concert together, though the pretence be conveyed by words spoken by one of them, yet they may be all jointly indicted under the statute. * * * So where several are jointly concerned in the publication of the same libel." 1 *Bish. Cr. Pro.,* § 467 *et seq.;* see also 2 *Bish. Cr. Pro.,* § 811.

So if two or more persons should together visit another whom they knew to be not entitled to vote, and one of the visitors should offer money to the person visited to induce him to register as a voter, or should counsel that person to register as a voter, and it appeared that each visitor had contributed to the offered bribe, or each visitor joined in giving their approval to the words and acts of their spokesman and leader employed to induce the person to falsely register, in such a situation each would be indictable for the specific act, and thus all would be jointly indictable.

We think, therefore, that there may be a joint counseling, aiding and procuring, and that therefore the charge of these four defendants in one indictment is permissible.

It is to be further remarked that when the indictment is against more defendants than one for an offence committed by them jointly, it need not employ the word "jointly" in describing the offence. 1 *Bish. Cr. Pro.,* § 471.

The application is overruled.