COMMONWEALTH *vs.* RUBEN SAUL.

Suffolk.    March 7, 1927. — May 23, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Conspiracy.*

One, participating in a conspiracy planned outside this Commonwealth whereby the owner of goods was procured by another conspirator to deliver the goods to a common carrier in Boston for transportation to a company in Philadelphia controlled by the conspirators, may be indicted and convicted of a conspiracy to steal although he was not in the Commonwealth at any time during the carrying out of the conspiracy.

INDICTMENT, found and returned on July 12, 1926, and quoted in the opinion.

The docket in the Superior Court stated that on November 20, 1926, "John Doe, who said his true name was Ruben Saul, was committed to the common jail, in said county, by virtue of a warrant issued upon said indictment"; and that on November 22, 1926, "Saul was brought into said court from said jail, [and] pleaded not guilty of said indictment."

The indictment was tried as to Saul only.  Material evidence is stated in the opinion.  He was found guilty and alleged exceptions.

The case was submitted on briefs.

*W. R. Scharton & S. A. Dearborn*, for the defendant.

*D. J. Lyne*, Assistant District Attorney, for the Commonwealth.

BRALEY, J.   The indictment on which the defendant was tried and convicted charges that "Saul Black and John Doe, whose Christian name and a more particular description of whom is to said jurors unknown, on the first day of February in the year of our Lord one thousand nine hundred and twenty-six, and on divers other days and times between that day and the first day of March in the year of our Lord one thousand nine hundred and twenty-six, conspired together to steal the property, moneys, goods and chattels of the Blodgett, Warren Company, a corporation legally established and existing."   There was evidence at the trial of the alleged conspiracy which was planned outside of this Commonwealth but within the United States, and, although the defendant Black came into this Commonwealth, and procured the delivery of goods by the Blodgett Warren Company to a common carrier in Boston for transportation to a company in Philadelphia controlled by the conspirators, the defendant Saul was not personally here during the continuance of the conspiracy.   The defendant at the close of the testimony moved that a verdict of not guilty be ordered, "on the ground that defendant Saul had not at any time during the conspiracy been present in the Commonwealth of Massachusetts and so the court was without jurisdiction over him."   The court denied the motion and the defendant excepted.

The ruling was right.   It is settled that an indictment for conspiracy can be maintained upon proof of a combination or confederation between two or more persons to commit the crime of larceny.   *Commonwealth* v. *Hunt,* 4 Met. 111.   The manner in which the unlawful purpose is to be accomplished, or what part each conspirator is to play, is not material. The gravamen of the offence is the conspiracy.   It is complete as soon as the combination is formed.   *Commonwealth* v. *Eastman,* 1 Cush. 189.   And a prosecution therefore may be instituted in the jurisdiction where the illegal design originated, or, if an overt act in execution of the plan is committed in another jurisdiction, the conspirators can be prosecuted where the act takes place.   *People* v. *Mather,* 4 Wend. 229.   *State* v. *Nugent,* 48 Vroom, 80, 86.   *Dealy* v.

*United States,* 152 U. S. 539, 547.   *Hyde* v. *United States,* 225 U. S. 347; Ann. Cas. 1914 A, 614, and note at page 632.

It follows that, when Black procured and delivered the goods for transportation to the conspirators, he committed an act which manifestly was in furtherance of the common purpose, in which the defendant by force of the combination was a participant.

The defendant also moved for a new trial, which having been denied without any exceptions being taken, no question of law concerning the action of the trial judge, even if argued by counsel, is before us.

*Exceptions overruled.*