UNITED STATES of America, Appellee,

v.

James Allen BOYCE, Appellant.

No. 9355.

United States Court of Appeals Fourth Circuit.

Argued Sept. 23, 1964.

Decided Nov. 6, 1964.

Ronald P. Sokol, Charlottesville, Va. (Court-assigned counsel), for appellant.

Joseph R. Cruciani, Asst. U. S. Atty. (William Medford, U. S. Atty., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and SIMONS, District Judge.

J. SPENCER BELL, Circuit Judge:

James Boyce appeals from a judgment of the District Court for the Western District of North Carolina entered upon a jury verdict finding him guilty of a conspiracy [1] to transport worthless securities in interstate commerce.[2] The conspiracy indictment returned by the grand jury in this case named four conspirators: Boyce, Logan, Hill, and Ellis.[3] All except Ellis pleaded not guilty to the conspiracy charge at their arraignment; Ellis entered a guilty plea.[4] Later, with the court's approval, Logan changed his conspiracy plea to guilty,[5] and the conspiracy trial thereafter proceeded solely against Boyce and Hill. During a trial which lasted three days, the Government called 47 witnesses who testified to numerous separate fraudulent banking transactions alleged to have grown out of the conspiracy. Most of these transactions, however, did not involve the physical presence of Boyce. Neither Boyce nor Hill took the stand or presented any evidence; and at the close of the evidence, the jury returned a guilty verdict on the conspiracy charge against both defendants. Boyce was sentenced to five years imprisonment, while each of the other three conspirators received a sentence of fifty months.[6]

The Government's evidence tended to show that the defendants were defraud-

1. This is made a crime by 18 U.S.C.A. § 371.

2. This conduct is prohibited by 18 U.S.C.A. § 2314.

3. On September 17, 1963, the day the conspiracy indictment was returned, the same grand jury also returned indictments charging Hill, Logan, and Ellis with substantive crimes committed in furtherance of the conspiracy. At their arraignment both Hill and Logan pleaded not guilty to the substantive charge as well as the conspiracy count. Upon motion of the Government and over the objection of Boyce's court-appointed counsel, the conspiracy charges and the substantive indictments were consolidated for trial. At the opening of court on the second day of trial, the court permitted Logan to change his plea to both the conspiracy and substantive counts from not guilty to guilty. After hearing all the evidence, the jury found Hill not guilty of the substantive charge. After sentencing them on the conspiracy counts, the court suspended judgment on the substantive charges against Ellis and Logan.

4. The court accepted such a plea by Ellis.

5. The amended plea by Logan was then accepted by the court.

6. In sentencing Logan, the court said: "Logan, you have been in jail for four months. You pleaded guilty, and I am going to give you credit for six months for pleading guilty and make the judgment of the court that you be imprisoned in such institution as may be designated for fifty months. * * * That is deducting ten months from what you normally would serve. I will give you credit for that."

In sentencing Boyce, the court said: "Somehow or other I have become convinced, and I think rightly so, that Boyce is the brains behind the matter. Certainly I know that he at the last term of the court by his demand for another attorney after I had provided him with as good an attorney—or, I thought at least—a very reputable and hard-work-

ing banks first in Maryland and New Jersey and later in North Carolina by the use of worthless checks and raised commercial money orders. The defendants purportedly were depositing or cashing altered commercial instruments or checks drawn on fictitious accounts in out-of-state banks.

During the course of the trial and *after the guilty pleas of both Ellis and Logan,* the Government offered a signed confession made to F.B.I. agents by Ellis after his arrest. This confession not only implicated Boyce in the conspiracy, but it also clearly implied that he was the ringleader.[7] Boyce's counsel strenuously objected to the introduction of the confession, pointing out to the court that it was admissible only against Ellis and that Ellis had pleaded guilty. In spite of the fact that its attention was directed to these facts, the court admitted the statement. When counsel for Boyce later moved that the document be stricken from the record, the court replied: "I have told the jury that the evidence is only competent against Ellis. He has pleaded guilty and so has one other. Still, the Government can offer all the evidence it has, and that is what [it] has done, I assume." [8]

■■■ The admission of Ellis' confession in this case was clearly prejudicial error,[9] Gambino v. United States,

108 F.2d 140 (3 Cir. 1939), and therefore no question of the application of Rule 52(a) of the Federal Rules of Criminal Procedure [10] arises. If there is only a reasonable probability that the confession was prejudicial to Boyce, his conviction cannot stand. Cf. Fahy v. Connecticut, 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). Certainly that probability is present here.

The confession by Ellis bore directly upon the existence of a scheme or plan and wove together the many alleged individual acts of fraud committed by the four defendants against the banking institutions involved. Furthermore, it indicated that Boyce was the instigator and leader of this illegal enterprise. This extrajudicial statement was pure hearsay, which the appellant was entitled to have excluded, and its admission entitles Boyce to a new trial. Gambino v. United States, supra.

Boyce has alleged other errors in his trial, including the court's definition of reasonable doubt in its charge to the jury as a doubt "for which you can have a reason and do have a reason * * *." Without passing on this point, we observe that attempts to improvise definitions of reasonable doubt have usually led to trouble and are best avoided. Pettine v. Territory of New Mexico, 201 F. 489, 496 (8 Cir. 1912); see also the opinion in Owens v. Commonwealth, 186

---

ing attorney, he certainly delayed this trial for two months. There is no question about that. And caused these other parties to stay in jail that long. So the judgment as to James Allen Boyce is that he be imprisoned in such institution as may be designated for five years."

7. It would appear that the presiding judge was influenced, at least to some degree, by the Ellis confession. See footnote 6 supra.

8. The motion to strike the evidence was then overruled.

9. Whatever one may think of the legal fiction, so frequently indulged in multiple defendant trials (and particularly in conspiracy cases), that the extrajudicial statement of one party may be admitted without prejudice to the other parties

because the jury has been instructed to disabuse their minds of the statement's contents when determining the guilt or innocence of the declarant's codefendants, such a procedure has no relevance to the present case. Cf. Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 93 L.Ed. 790 (1949); Schaffer v. United States, 221 F.2d 17, 19 (5 Cir. 1955). The declarant here had pleaded guilty and his plea had been accepted by the court; the only purpose, therefore, which the admission of his confession could serve was to put evidence before the jury which it was not entitled to consider. See also Oliver v. United States, 335 F.2d 724 (D.C.Cir. 1964).

10. "(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

Va. 689, 43 S.E.2d 895, 902–03 (1947), and the numerous cases cited therein.

A new trial for Boyce alone will avoid the other questions raised on this appeal. We therefore find it unnecessary to decide them.

Reversed and remanded.