**UNITED STATES of America,**
**Appellee,**

v.

**James Allen BOYCE, Appellant.**

**No. 10044.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1965.

Decided Nov. 2, 1965.

Ronald P. Sokol, Charlottesville, Va. (Court-assigned counsel), for appellant.

Wm. Medford, U. S. Atty. (Joseph R. Cruciani, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and MARTIN, District Judge.

J. SPENCER BELL, Circuit Judge:

James Allen Boyce was convicted on December 12, 1963, of conspiring to vio-

late Title 18 U.S.C. § 2314 in violation of Title 18 U.S.C. § 371 and was sentenced to five years imprisonment. On November 6, 1964, this court reversed and remanded that case. United States v. Boyce, 340 F.2d 418 (4 Cir. 1964). At the retrial of the conspiracy case in Charlotte on April 26, 1965, Boyce requested and the Government consented to the transfer of other federal charges against him to Charlotte pursuant to Rules 19 and 20 of the Federal Rules of Criminal Procedure. Two cases were transferred. From the Asheville Division of the Western District of North Carolina an indictment charging interstate transportation of falsely made and forged securities in violation of Title 18 U.S.C. § 2314, and from the District of Maryland an indictment charging use of the mails in a scheme to defraud in violation of Title 18 U.S.C. § 1342; interstate transportation of falsely made securities in violation of Title 18 U.S.C. § 2314; and aiding and abetting in violation of Title 18 U.S.C. § 2. The Maryland indictment contained seven counts. The total possible sentence could have been as much as 50 years. Boyce pleaded guilty to all charges and was sentenced to 3 years on the original conspiracy and to 5 years on each of the other two indictments, all sentences to run concurrently. Later in the day the district judge called the defendant back to the courtroom. Without the defendant's counsel being present the judge reduced the 5 year sentences to 4 years. Under the original sentence which this court overturned Boyce could have been paroled in August 1965. Under his present sentence he is not eligible for parole until August 1966.

The petitioner makes two contentions. First, that his sentence after a successful appeal was more severe than his original sentence; thus penalizing him for exercising his right to appeal. And second, that the absence of his counsel when the sentence was reduced constituted reversible error.

▉ Neither of these contentions has merit. Counsel argued that the effect and appearance of the sentence on retrial to the inmate population and the man on the street is to discourage appeals. If it had been the intent of the trial judge to dissuade the exercise of the right of appeal we should be quick to condemn the practice, but such was not the case here. At the first trial there was but one charge against Boyce. The termination of that trial left him to face other serious charges upon completion of the sentence imposed. On the other hand, at the second trial his entire debt to society was audited. When he leaves prison at the conclusion of his present sentence his entire past will be behind him. Clearly then the sentences in the first and second trials are not comparable since the second includes additional offenses. To argue that the second total sentence could not exceed the first when additional charges have been added is to say that one successful appeal clears a man of all pending federal charges. Such windfall we cannot support. As to the conspiracy charge alone Boyce was given the identical sentence that he received in his first trial, with the judge taking into account the time already served.

Were it the case that after the successful appeal the Government lodged new charges against the defendant arising out of the same transactions as the original case we might hold differently. Such executive penalty for exercising the right to appeal should also be condemned. But such is not the case here. The other charges were already pending prior to the original action and the Maryland charges at least arose out of totally different circumstances.

▉ The second contention of the petitioner that the absence of counsel at the reduction of sentence constitutes reversible error also lacks merit. It would not even have been necessary for the defendant to have been present at this reduction. F.R.Cr.P. 43. The sentencing judge may in his discretion within 60 days unilaterally reduce a sentence. F.R.Cr.P. 35. The case relied upon by petitioner, United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), is not in point since there the

trial judge proceeded under the provisions of Title 18 U.S.C. § 4208. That section allows the judge to get "more detailed information as a basis for determining the sentence to be imposed." The maximum sentence under the statute is only nominally imposed pending decision on the final sentence. "But a reduction of sentence under Rule 35 is quite different from the final determination under § 4208(b) of what a sentence is to be. Rule 35 refers to the power of a court to reduce a sentence which has already become final in every respect." United States v. Behrens, supra at 165, 84 S.Ct. at 297.

The judgment of the district court is

Affirmed.