COMMONWEALTH *vs.* JOHN E. COLARDO, JR.
(and two companion cases).

Barnstable. March 7, 1966. — June 8, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ

*Search and Seizure. Conspiracy. Error,* Whether error harmful. *Practice, Criminal,* Exceptions: whether error harmful.

Evidence warranted findings that three defendants were guilty of conspiring to steal merchandise from a clothing store. [78]

A search warrant issued on the basis of an affidavit by the applicant officer stating merely that "he believe[d] and ha[d] reasonable cause to believe" that certain stolen goods were hidden at a certain place was invalid on its face under G. L. c. 276, § 2B. [78–79]

In a proceeding upon indictments against three defendants for conspiracy to steal merchandise, where it appeared that suits were missing from a clothing store after the defendants had been there and that a search warrant under which the automobile of one of the defendants was searched was invalid, it was prejudicial error to admit evidence that the

searching officer found in the automobile some clothing labels and also letters addressed to one of the defendants who had claimed he did not know the other two defendants and had not been in the locality of the theft on the day it occurred. [79–80]

THREE INDICTMENTS found and returned on October 7, 1963.

The cases were heard in the Superior Court by *Paquet, J.*

*Joseph J. Balliro* for the defendants.

*Joseph P. Harrington,* Assistant District Attorney, for the Commonwealth.

REARDON, J. Each of the three defendants, John E. Colardo, Jr., Louis P. Falcone and Louis R. Zoglio, was convicted of having conspired with the others to steal merchandise of the value of more than $100. The matter was heard by a judge sitting without jury and is here on exceptions alleged by each defendant under G. L. c. 278, § 31. There was evidence as follows.

About 4:30 P.M. on July 19, 1963, the three defendants entered the clothing shop of Simon Burman, Inc. in Hyannis. Colardo carried in a paper bag an object which "resembled a wastebasket or laundry hamper." Eugene Burman, the storekeeper, waited on Falcone who ordered merchandise of the value of $150 and promised to return to make payment. The three defendants were in the store about three quarters of an hour, during which period Colardo left the premises on three occasions carrying the package and remarking to Falcone "that he was going out to the car to check on the girls." After the defendants had left, Burman noticed that some suits which had been on the display racks prior to the visit of the three defendants were missing. An inventory indicated that eleven suits were "unaccounted for." Shortly thereafter, in company with one Penn, the proprietor of another clothing store near by, Burman saw the defendants Falcone and Zoglio on the street. Burman, Penn, and an officer entered Dino's Italian Kitchen Restaurant where they saw Falcone and Zoglio sitting at a table set for three persons. Though the two defendants denied that there was a third man with them, Penn witnessed Colardo

leaving the restaurant through a kitchen door, and the hostess stated that there had been three men at the table. Falcone and Zoglio were arrested. A part owner of a motel in the vicinity gave testimony that Falcone and Zoglio had checked in the afternoon before, and that on the morning and afternoon of the day on which this incident occurred, July 19, 1963, they had been in the company of Colardo. Colardo, however, claimed that he did not know the other two defendants and that he had not arrived on Cape Cod until the day after the thefts at Burman's store.

At the trial the judge, over objection, admitted in evidence four search warrants and the searching officers' reports thereunder. Three of the reports indicated that the searches conducted were fruitless but there was testimony by an officer that pursuant to the fourth warrant he had searched a certain automobile which was registered to Zoglio in which Zoglio and Falcone had been seen and that he had found therein two letters, one of which was addressed to "John E. Colardo, Main Street, Hyannis," and the other to "John E. Colardo, Dino's Italian Restaurant, Hyannis." The searching officer's return on the warrant under which the car had been searched did not mention the letters but stated that the officer had found in the car "One label workers of America No. 80, issue by authority of amalgamated clothing, copyright seres [*sic*] SMF, #485417. One Tag 'Lebow Clothes, patented Hinge Sleeve, #2131193.' "

1. The defendants excepted to the denial of their motions for findings of not guilty. The evidence is such that no error appears from the judge's ruling that a conspiracy could be found. *Commonwealth* v. *Smith,* 163 Mass. 411, 417–418. *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 493–494. *Commonwealth* v. *Saul,* 260 Mass. 97, 98. *Commonwealth* v. *Shea,* 323 Mass. 406, 412–413, 414–415.

2. In the four search warrants in the instant cases, the affidavits were based solely upon the applicant officer's alleging "that he believes and has reasonable cause to believe" that stolen goods were hidden in the premises to be

searched. Each warrant thus fails on its face to show the "facts, information, and circumstances" which are required as a basis for the applicant officer's personal beliefs by G. L. c. 276, § 2B. *Commonwealth* v. *Dias,* 349 Mass. 583, 584. *Commonwealth* v. *Rossetti,* 349 Mass. 626, 629–633. *Commonwealth* v. *Mitchell,* 350 Mass. 459, 462. *Nathanson* v. *United States,* 290 U. S. 41, 47. *Giordenello* v. *United States,* 357 U. S. 480, 487. *Aguilar* v. *Texas,* 378 U. S. 108, 114. Neither do the affidavits show the underlying circumstances which would be necessary to validate them had they been based upon the word of an informant. *Ker* v. *California,* 374 U. S. 23, 33. *United States* v. *Ventresca,* 380 U. S. 102, 108–112.

3. The principal question in these cases is, however, whether prejudice to the defendants resulted from the admission of (a) a warrant to which was appended an affidavit indicating that search had produced nothing, (b) another warrant and its return affidavit which described on the return the two seized clothing labels, or (c) the two letters addressed to Colardo seized under the latter warrant. We are confronted with the question whether the admission of these items constituted harmless error. *Barbee* v. *Warden, Md. Penitentiary,* 331 F. 2d 842, 847 (4th Cir.). *United States* v. *Guerra,* 334 F. 2d 138, 145–146 (2d Cir.). *United States* v. *Castellana,* 349 F. 2d 264, 276 (2d Cir.). We cannot but conclude from the record that the letters which were seized under the deficient warrant could have played a substantial role in convincing the judge that Colardo and the other two men had known each other before the day of the alleged commission of the theft. See *Smith* v. *United States,* 335 F. 2d 270, 274–275 (Ct. App. D. C.); *Greenwell* v. *United States,* 336 F. 2d 962, 969 (Ct. App. D. C.); *United States* v. *Rundle,* 337 F. 2d 268, 272 (3d Cir.); *United States* v. *Boyce,* 340 F. 2d 418, 420 (4th Cir.); *Laughlin* v. *United States,* 344 F. 2d 187, 193 (Ct. App. D. C.); *United States* v. *Wilkins,* 348 F. 2d 844, 864 (2d Cir.); *United States* v. *Fay,* 350 F. 2d 400, 406 (2d Cir.) (dissent); *Stoner* v. *California,* 376 U. S. 483, 490–491. The letters would have gone far

to impeach Colardo for they were in contradiction of his representations that he arrived on Cape Cod the day after the theft and that he did not know the other two defendants. There would also appear to be a strong likelihood that the finding of the two labels in Zoglio's car would play a part in leading to the judge's finding of guilty. In sum, we consider the admission in evidence of these items to have been prejudicial.

4. Consequently, we need not comment upon the admission in evidence of the warrant and its return where the return indicated that no evidence had been obtained.

*Exceptions sustained.*