**· COMMONWEALTH OF**
**MASSACHUSETTS, Plaintiff**
vs.
**Brenda Stacy LUNDQUIST**
**and another,[1] Defendant**

**Nos. 02996-03000**

Superior Court
Commonwealth of Massachusetts

**December 23, 1981**

1. Grégory Osoro.

**Stephen Kiely,** counsel for plaintiff.
**John Jennings,** counsel for defendant.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

### BACKGROUND

The above defendant Lundquist was indicted for conspiring between November 1, 1976 and August 1, 1980 in Lynn for the arson of her property in New Hampshire (No. 02996) and aiding, counselling and procuring the burning of said property in order to collect insurance. (#02997).

The defendant Gregory Osoro was also indicted for conspiracy to commit arson (No. 02998), counsel or procure the burning of a building (No. 03000) and aid, counsel or procure the burning of a building insured against loss or damage by fire with the intent to defraud or injure the insurer (No. 02999).

Both defendants filed motions to dismiss on the grounds that the indictments, as amplified by bills of particulars, failed to state a criminal offense under the law of Massachusetts.

The parties as a result of hearings of November 16 and 30 agreed to refer the matter to the court on a transcript of the grand jury hearing, marked Exhibit #A, the indictments, the bills of particulars, an affidavit of State Police Detective Lt. John Burns, and memoranda of law.

Motions were briefed and argued. The Court makes the following findings of fact and rulings of law:

### FINDINGS OF FACT

The Commonwealth reasonably expects to show that sometime in November, 1976, one Kenneth Landers conferred with Gregory Osoro, sometimes known as "Z", at the Lynn Tap & Grill, where Osoro told Landers that he, Osoro, had been approached by Brenda Stacy Lundquist to burn her house in New Hampshire, for a total payment of $1,000, $500 in advance. How Lundquist communicated her offer to Osoro or whether she ever set foot in the Commonwealth is unclear.[2]

Osoro and Landers purchased at Lane's Drug Store in Lynn, Massachusetts, a hot plate, and at Ann & Hope Department Store in Danvers a quantity of barbeque lighter fluid. They then drove to Guilford, New Hampshire, where they procured a container of gasoline. They there met defendant Lundquist who took them to the house in question which they arranged to burn.

Defendant Lundquist paid the $500 in advance of the fire. The fire occurred on November 30, 1976 and it did substantial damage to the house.

Defendant Lundquist made a claim against her insurance company, the Providence Mutual Insurance Co., arising out of the fire.

### DISCUSSION

Defendants contend that there is insufficient evidence of activities in Massachusetts for the Court to have territorial jurisdiction.

The principle of territorial jurisdiction holds that, as a general rule, the criminal laws of a state have no force beyond the territory of the state which enacts them and cannot be enforced outside the sovereign's jurisdiction. The corollary of

2. Detective Burns affidavit recites, in rather conclusory fashion, that Lundquist "cashed a check dated November 15, 1976 on the account of William E. Stacey or Sandra Stacey (now Brenda J. Stacey-Lundquist) in the amount of $500.00. The evidence will show that the check was cashed at the North Shore Shopping Center branch of the Essex Bank located in Peabody, Massachusetts, one day prior to the fire, November 29, 1976 . . . The government will also offer evidence that on November 27, 1976 the defendant, Brenda Lundquist, removed a number of domestic animals (cats and dogs) from the premises at Haywagon Road in Guilford, New Hampshire, and brought them to a location in Lynn, Massachusetts.

the rule is that one state or sovereignty cannot enforce the penal laws of another. **Commonwealth v. Lanoue,** 326 Mass. 559 (1950).

A prosecution for conspiracy "may be instituted in the jurisdiction where the illegal design originated, or, if an overt act in the execution of the plan is committed in another jurisdiction, the conspirators may be prosecuted where the act takes place." **Commonwealth v. Saul,** 260 Mass. 97 (1927). There is no question that Osoro and Landers conspired together in Massachusetts. Overt acts also took place in Massachusetts.

The common law holds that, since the gist of the offense is the unlawful agreement, the place where the substantive crime was to be committed is immaterial. **State v. Pooler,** 141 Me. 274 (1945); 1 WHARTON'S CRIMINAL LAW § 14 (Torcia, C. 14th, Ed. 1978).

Modern statutory formulations modify the common-law rule by requiring that the substantive offense constitute a crime both in the state where it is committed and in the forum state. See, e.g., ILL. REV. STAT. 1977 c. 38, §§ 1-5(a)(4); N.Y. CRIM. PROC. LAW §§ 20.20, 20.30 (Mckinney 1971); MODEL PENAL CODE § 1.03 (1)(d) (Proposed Official Draft 1962). Although the legislature has failed to adopt such a position, see Proposed Massachusetts Criminal Code c. 253, § 5 (a)(4), I take judicial notice of the fact that the burning of buildings with intent to defraud an insurer is a criminal offense in both this Commonwealth and in New Hampshire. G.L. c. 266, § 10; N.H. REV. STAT. ANN. § 634:1. See, G.L. c. 223, § 70. Accordingly, I find that Massachusetts may properly exert jurisdiction over defendant Osoro.

There is little evidence, however, that defendant Lundquist ever entered Massachusetts. For all the evidence now shows she may have retained Osoro in New Hampshire, contemplating that he would recruit other conspirators in Massachusetts. On the other hand, Detective Burns' affidavit arguably permits an inference that Lundquist entered the state on November 29, 1976 to cash a check in order to pay Osoro's $500.00 retainer. Whether or not Lundquist did enter Massachusetts, **Commonwealth v. Saul, supra,** which upheld the prosecution of an out-of-state conspirator where his confederate committed an overt act in-state, would permit a prosecution here.

### ORDER

Therefore, it is **ORDERED** That the defendants' motions be **DENIED.**

**Robert J. Hallisey**
**Justice of the Superior Court**

Entered: