UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-4793

ANTHONY MCQUEEN, a/k/a Champ,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-95-26-BR)

Submitted: March 31, 1998

Decided: June 18, 1998

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

John J. Korzen, SMITH, HELMS, MULLISS & MOORE, L.L.P.,
Greensboro, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony McQueen appeals from an amended judgment of conviction on one count of possession with intent to distribute heroin. The district court entered the original judgment on August 28, 1995, sentencing McQueen to 189 months' imprisonment followed by five years of supervised release. McQueen did not appeal his conviction and sentence. In August 1996, the United States filed a motion for consideration of a sentencing departure, pursuant to Fed. R. Crim. P. 35(b), on McQueen's behalf. The district court granted the motion and reduced the term of imprisonment to 110 months. The district court entered the amended judgment on October 21, 1996. McQueen timely noted an appeal of the amended judgment.

I

On appeal, McQueen first argues that his guilty plea should be invalidated, and that he was denied his Sixth Amendment right to counsel and Fifth Amendment right to due process when the district court denied his motion for appointment of counsel on the day of trial, one month after the court granted his request to proceed pro se.

These claims arise from the 1995 judgment of conviction. We are without jurisdiction to review these claims. The October 1996 notice of appeal is untimely with respect to the August 1995 judgment of conviction. See Fed. R. App. P. 4(b). The August 1995 judgment was a final order for purposes of appeal; the 1996 judgment only modified the 1995 judgment with respect to the Rule 35(b) motion. See 18 U.S.C. § 3582(b) (1994).[1] Accordingly, we are without jurisdiction to review these claims, and we dismiss the appeal in part.

_____

[1] McQueen did not address the lack of jurisdiction in his opening brief. In his reply brief, McQueen argues that because the district court erred

2

II

McQueen also claims that the prosecutor provided false information to the district court during the departure hearing, in violation of his due process rights. We have jurisdiction to review this claim. McQueen did not object to the allegedly false information during the departure hearing, so this claim is reviewable only for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

McQueen alleges that the false information put forth by the prosecutor at the departure hearing was the following statement: "[McQueen has not shown] full, complete cooperation, debriefings, and willingness to testify." (JA 202). McQueen argues that the statement is false and that he did cooperate because he was debriefed three times and had been willing to testify at the trial of other defendants.

At the departure hearing,**2** the Government's position on McQueen's cooperation was that it was late, that he minimized his involvement, and that he was not credible regarding the amount of drugs involved. However, the prosecutor also stated that McQueen "provided information and accepted he would testify. . . . We're saying he did substantially assist but in the range of what other people have done, that is full complete cooperation, debriefings and willingness to testify and put their life behind them, Mr. McQueen did not

_____

by failing to advise him that he had a right to appeal his sentence, as required by Fed. R. Crim. P. 32(c)(5), the ten day appeal period did not begin to run after entry of the original judgment. Even if the district court failed to properly inform McQueen, the merits of that issue cannot be reached here. McQueen may raise this claim in a collateral proceeding pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). The appeal period for a criminal case cannot be tolled or suspended unless the defendant makes a timely motion under limited circumstances that are inapplicable in this case. See Fed. R. App. P. 4(b) (listing motions that delay the ten day appeal period).

**2** McQueen represented himself at the departure hearing. Contrary to his assertion on appeal, he was not entitled to counsel at that hearing. See United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996); United States v. Boyce, 352 F.2d 786, 787-88 (4th Cir. 1965).

3

rise to that level . . . ." (JA 201-202). In addition, the Government advised the court that McQueen had substantially assisted. The Government's position reflects the perception that McQueen was less forthcoming in the matter than other similarly situated defendants. Taken in context, and considering the entirety of the proceedings, the Government's statement cannot be construed as a denial that McQueen participated in debriefing or that he was wholly unwilling to testify.

McQueen did not present evidence to contradict the Government's position.[3] Further, although McQueen may have hoped for a greater reduction in his sentence, he received a substantial reduction as a result of the Government's motion. On this record, we cannot say that the prosecutor's statements constituted plain error. Thus, we affirm the district court's order reducing McQueen's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART; AFFIRMED IN PART</u>

_____

[3] On appeal and in his pleading in support of the Rule 35(b) motion, McQueen states that he took and passed a lie detector test. McQueen did not elaborate further as to what questions the test encompassed or how the test was related to the claims presented on appeal. Regardless, this court has held that results of polygraph examinations are not admissible evidence. <u>See United States v. Chambers</u>, 985 F.2d 1263, 1270-71 (4th Cir. 1993).