**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 03-7915

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERANCE GOODMAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (CR-01-140)

---

Submitted:  June 10, 2004                    Decided:  June 16, 2004

---

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Matthew W. Greene, SMITH & GREENE, PLLC, Fairfax, Virginia, for Appellant. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terance Goodman pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000), and was sentenced in January 2002 to a term of 360 months of imprisonment. In November 2003, after the government filed a Fed. R. Crim. P. 35(b) motion, Goodman's sentence was reduced to 200 months. Goodman's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one potential issue, but asserting that in his view there are no meritorious grounds for appeal. Goodman was advised of his right to file a pro se supplemental brief, but did not do so. We affirm.

Counsel questions whether the district court erred in failing to appoint counsel to represent Goodman during the pendency of the Government's Rule 35 motion. We conclude that the district court did not err as Goodman was not entitled to counsel in conjunction with the district court's decision on the Rule 35 motion. See United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996); United States v. Boyce, 352 F.2d 786, 787-88 (4th Cir. 1965). With regard to any challenge to the degree of the district court's reduction in Goodman's sentence, we do not have jurisdiction to review the extent of the district court's downward departure unless such a departure results in a sentence that violates the law or is an incorrect application of the guidelines,

neither of which applies in this case.  <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995).

We have reviewed the record in accordance with <u>Anders</u> and find no meritorious issues.  Accordingly, we deny counsel's motion to withdraw, and affirm Goodman's sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>